O

# United States District Court
# Central District of California

| | |
|---|---|
| AMBER THAYER, an individual<br><br>                Plaintiff,<br><br>    v.<br><br>SECURITAS SECURITY SERVICES USA, INC, a Delaware corporation; et al.,<br><br>                Defendants. | Case № 2:20-CV-10350-ODW (MRWx)<br><br>**ORDER DENYING MOTION TO REMAND [9]** |

## I.   INTRODUCTION

Plaintiff Amber Thayer moves to remand this action for lack of diversity jurisdiction. (Mot. to Remand ("Motion" or "Mot.") 1, ECF No. 9.) Thayer contends that Defendant Securitas Security Services USA, Inc. ("Securitas") failed to meet its burden to establish diversity jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy is less than the jurisdictional threshold of $75,000. (*Id.*) For the reasons that follow, the Court **DENIES** Thayer's Motion[1].

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

On September 1, 2017, Securitas hired Thayer to work as a Human Resources Specialist/Administrator. (Notice of Removal ("NOR"), Ex. A ("Complaint" or "Compl.") ¶ 19, ECF No. 1-1.) On July 16, 2019, Securitas terminated Thayer from the company. (*Id.*) Thayer claims that Securitas terminated her employment because she requested family and medical leave. (*Id*. ¶ 28.)

On August 14, 2020, Thayer filed a Complaint in the Los Angeles County Superior Court. (NOR ¶ 3; *see generally* Compl.) In the Complaint, Thayer alleges thirteen causes of action against Securitas regarding her employment and termination, including six causes of action pursuant to the Fair Employment and Housing Act ("FEHA"). (Compl. ¶¶ 37–148.) On November 12, 2020, Securitas removed this action to this Court on the basis of alleged diversity jurisdiction. (NOR ¶ 1.) Now Thayer moves to remand this action, challenging Securitas's assertion that the amount in controversy exceeds the jurisdictional threshold. (*See generally* Mot.)

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in a state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. Accordingly, a defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship among the adverse parties and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id*.

### IV. DISCUSSION

Thayer does not dispute that complete diversity exists, but she contends that this case must be remanded because: (1) Securitas did not submit summary-judgment-type evidence with its Notice of Removal to support its amount in controversy allegation; and (2) Securitas's calculations fail to demonstrate that Thayer's damages exceed the $75,000 threshold. (*See generally* Mot.) In opposition, Securitas contends that it has satisfied its burden to demonstrate that the amount in controversy exceeds $75,000. (Opp'n to Mot. 1–10, ECF. No. 12.) Securitas is correct.

First, the Court addresses Thayer's contention that Securitas's removal was deficient. The law is clear on a defendant's burden of proof on removal: "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Summary-judgment-type evidence is required only when the defendant's allegation is questioned by the court or challenged by the plaintiff. *Id*. at 88. Here, Securitas alleged in its Notice of Removal that based on Thayer's allegations concerning her wages and a reasonable estimate of this case proceeding to trial one year from removal, she could claim approximately $76,731.20 in lost wages alone. (*See* NOR ¶ 22.) This is sufficient for purposes of the removal petition. *See, e.g.*, *Calhoun v. Consol. Disposal Serv., LLC*, No. CV 19-2315-MWF (MRWx), 2019 WL 2522677, at *2 (C.D. Cal. June 18, 2019) ("Defendants [are] not required to submit summary-judgment-type evidence in the Notice of Removal to prove up the amount in controversy.").

Second, the Court addresses Thayer's contention that Securitas's calculations concerning the amount in controversy are incorrect. (Mot. 5–6.) The Ninth Circuit

has held that "the amount in controversy is not limited to damages incurred prior to removal" but "includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414 (9th Cir. 2018). Courts separate lost wages into two categories: "past wages— i.e., lost wages between the date of Plaintiff's termination and the date of removal— and future wages—i.e., lost wages between the date of removal and trial." *Fisher v. HNTB Corp.*, No. 2:18-CV-08173-AB-MRW, 2018 WL 6323077, at *5 n.7 (C.D. Cal. Dec. 3, 2018). "If a plaintiff claims at the time of removal that her termination caused her to lose future wages . . . then there is no question that future wages are 'at stake' in the litigation." *Chavez*, 888 F.3d at 417.

Here, Thayer alleges that she "is entitled to past and future lost wages." (Compl. ¶ 34.) Consequently, there is no question that Thayer's future wages are at stake. *See Chavez*, 888 F.3d at 417. Thayer's lost wages then, include all wages from her date of termination in July 16, 2019, until the date set for trial, March 8, 2022 (approximately thirty-one months). (Compl. ¶ 27; Scheduling Order, ECF No. 17.)

In the Complaint, Thayer alleges that her "hourly wage was $15.85" and that she worked a "fixed schedule . . . five days per week, Monday through Friday, for approximately eight hours per day." (Compl. ¶ 20.) Based on Thayer's allegations, her monthly wage was approximately $2,536.[2] Multiplying Thayer's monthly wage of $2,536 by thirty-one months results in a total of $78,616 for past and future lost wages. Thus, Thayer's claimed lost wages alone satisfy the amount in controversy, as they exceed $75,000. *See* 28 U.S.C. § 1332(a).

Based on the foregoing, the Court need not consider Thayer's other claimed damages to find the amount in controversy for diversity jurisdiction. Therefore, the Court has subject matter jurisdiction and **DENIES** Thayer's motion. Additionally, Thayer's request for attorney's fees is **DENIED** as moot.

---

[2] The Court bases its calculation on Thayer's allegations that she worked five days per week, at approximately eight hours per day: ($15.85 x 8 x 5 x 4 = $2,536 per month). (*See* Compl. ¶ 20.)

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Thayer's Motion to Remand and **DENIES** as moot Thayer's request for fees and costs. (ECF No. 9.)

**IT IS SO ORDERED.**

April 6, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**